UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

*Electronically Filed*

| | |
|---|---|
| LOWRY R. WATKINS, JR. | ) |
| PLAINTIFF | ) |
| v. | ) |
| TRUST UNDER WILL OF WILLIAM MARSHALL BULLITT BY AND THROUGH ITS TRUSTEE, PNC BANK, N.A. | ) CIVIL ACTION NO. 3:13CV-1113-H |
| and | ) |
| PNC BANK, N.A. | ) |
| DEFENDANTS | ) |

## NOTICE OF REMOVAL

Defendant, PNC Bank, National Association ("PNC"), by counsel, hereby tenders its Notice of Removal of this action from the Jefferson Circuit Court, Commonwealth of Kentucky to this Court, and in support of thereof states as follows:

1. This matter is a civil action over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a). It is also an action which Defendant is entitled to remove to this Court pursuant to 28 U.S.C. §1441 because the amount in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs, and the action is between citizens of different states.

2. On or about November 4, 2013, Plaintiff filed this action in

Jefferson Circuit Court, Commonwealth of Kentucky, styled *Lowry R. Watkins, Jr. v. Trust Under Will of William Marshall Builltt (sic) by and Through Its Trustee, PNC Bank, N.A., et al.*, Case No. 13-CI-005759 (the "Civil Action"). The Complaint filed in the Civil Action alleges that PNC, or PNC's predecessors, failed to perform statutorily prescribed fiduciary duties, acted in bad faith, failed to administer the Trust at issue with complete loyalty to the Income Beneficiaries, failed to manage the Trust at issue in accordance with the Trust documents, and was unjustly enriched by charging excessive fees to the Trust without having performed its duties to earn such fees. The Complaint purports to seek removal of PNC as Trustee of the subject Trust as well as an award of compensatory damages, punitive damages, attorneys' fees, and other damages allegedly resulting from PNC's breach of duty as Trustee. A true and correct copy of all the materials currently in the case file in the Civil Action is attached hereto as Exhibit A.

3. PNC was served with the Summons and Complaint filed in the Civil Action on November 5, 2013.

4. The Complaint indicates that the Plaintiff resides in Louisville, Jefferson County, Kentucky.

5. The Defendant PNC Bank, National Association, is a banking corporation duly organized under a federal charter with its principal office in Pittsburgh, Pennsylvania. PNC is, in fact, a national banking association established under the laws of the United States. For purposes of diversity jurisdiction, a national banking association is deemed a citizen of its principal place of business and the state listed in its organizational certificate. At the time of the commencement of this action, and at all

times since, PNC was incorporated under the laws of the United States with its principal place of business in Pennsylvania. For purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332(c)(1), PNC is a citizen of the Commonwealth of Pennsylvania.

6. The Complaint also names as a Defendant the Trust Under Will of William Marshall Builltt (sic) by and Through Its Trustee, PNC Bank, N.A. A trust has the citizenship of its trustee. *Homfeld II, LLC v. Comair Holdings, Inc.*, 53 Fed. Appx. 731, 732 (6th Cir. 2002); *Whitlock v. FSL Management, LLC*, 3:10-CV-00562-JHM, 2012 WL 3109491 (W.D. Ky. 2012). Therefore, for purposes of diversity jurisdiction, the Trust is a citizen of the Commonwealth of Pennsylvania.

7. With regard to the amount in controversy, the allegations made in the Complaint relate to the alleged failure to develop "approximately 600 acres located at the intersection of I-64 and I-264" which Plaintiff describes as "prime development land." Plaintiff claims that the alleged failure to develop the land "has caused damages to the Trust and its life beneficiaries." Plaintiff further alleges that "PNC as Trustee has reaped hundreds of thousands of dollars in fees" and that such fees "must be accounted for and disgorged back to the Corpus of the Trust." Finally, the Complaint seeks an award of punitive damages and attorney's fees. Thus, according to the allegations made in the Complaint, Plaintiff claims damages in excess of $75,000.

8. By reason of the amount in controversy and the complete diversity of citizenship of the parties, the Civil Action is within the original jurisdiction of this Court pursuant to 28 U.S.C. §§1332(a) and 1441(a).

9. This Notice of Removal is filed within thirty (30) days of the

receipt of the initial pleading and, thus, this case is removable pursuant to the provisions of 28 U.S.C. §1446(b).

10. PNC has this day given written notice of the filing of this Notice of Removal to the Plaintiff and has filed a copy of this Notice of Removal with the Clerk of the Jefferson Circuit Court, Commonwealth of Kentucky. A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit B.

WHEREFORE, PNC respectfully prays that the action now pending in the Jefferson Circuit Court, Civil Action No. 13-CI-005759, be removed from that court to this Court.

Respectfully submitted,

/s/ Cornelius E. Coryell II
Cornelius E. Coryell II
ccoryell@wyattfirm.com
Christopher W. Brooker
cbrooker@wyattfirm.com
Allison Brown Vermilion
avermilion@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street, Suite 2800
Louisville, Kentucky 40202-2898
502.589.5235

*Counsel for PNC Bank, National Association, Individually and as Trustee of the Trust Under Will of William Marshall Bullitt*

## **CERTIFICATE OF SERVICE**

        This is to certify that a true and correct copy of the foregoing has been served upon the following, by U.S. mail, on this the 12th day of November, 2013:

Laurence J. Zielke
Nancy J. Schook
Zielke Law Firm, PLLC
Suite 1250 – Meidinger Tower
462 South Fourth Street
Louisville, KY 40202

*Counsel for Plaintiff Lowry R. Watkins, Jr.*

                                    /s/ Cornelius E. Coryell II
                                    Cornelius E. Coryell II