UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:13-CV-1113-R

| | |
|---|---|
| LOWRY R. WATKINS, JR., | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) |
| | ) |
| TRUST UNDER WILL OF WILLIAM MARSHALL BULLITT BY AND THROUGH ITS TRUSTEE, PNC BANK, N.A., | ) ) ) ) ) |
| AND | ) ) |
| PNC BANK, N.A., | ) ) |
| DEFENDANTS. | ) |

**Memorandum of Law Supporting Plaintiff's
Motion to Remand To State Court And For Costs**

Comes the Plaintiff, Lowry R. Watkins, Jr., by counsel, and for his Memorandum of Law supporting his Motion to Remand this Action to the Jefferson Circuit Court states as follows:

### Introduction

This suit arising from a Complaint filed by a trust beneficiary against the Trust Under Will of William Marshall Bullitt and the Trustee, PNC Bank. Defendants removed this action based on a mistaken assumption that the citizenship of the Trust is not Kentucky. At paragraph 6 of the Notice of Removal, Defendants state that the Trust is a citizen of Pennsylvania. As a matter of law, the Trust is a citizen of both Pennsylvania

1

and Kentucky. Because it is a citizen of Kentucky, the Trust is not diverse to Plaintiff and removal is improper. Respectfully, this Court does not have subject matter jurisdiction pursuant to 28 U.S.C. §1332(a).

Pertinent facts as set forth in the Complaint include the following: the Trust consists of real property located in Louisville Metro. Complaint ¶¶ 12-14. The current Trustee is Defendant PNC Bank, N.A. Complaint ¶ 3. The Income Beneficiaries of the Trust include Kentucky resident Lowry R. Watkins, Jr., as well as Nina L. Richardson, Nora L. Cameron; and B. Porter Watkins. Complaint ¶ 2, ¶ 4. The Defendants haven't disputed any of these pertinent facts.

### Argument

In order to successfully remove a state court action under 28 U.S.C. §1332(a), all defendants must be diverse from plaintiff. *United States Fidelity and Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992) (citing *Smith v. Sperling*, 354 U.S. 91 (1957)). Complete diversity exists when all of the parties on one side of the controversy are citizens of different states from all parties on the other side. *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941).

Additionally, removal is inappropriate in a case where one of the defendants is a citizen of the state in which the action is brought regardless of diversity. 28 U.S.C. §1441(b)(2); *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007). This federal statute requires remand if the Trust is a citizen of Kentucky because suit was brought in Kentucky, regardless of the citizenship of any other party. There can be no out-of-state bias.

Having improperly removed the case necessitating a motion to remand, Defendants should pay Plaintiff's costs and fees incurred in researching and filing this motion and memorandum.

The defendant removing the case has the burden of proving that these diversity jurisdiction requirements are met. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

No Sixth Circuit case directly settles the question of citizenship of trusts. But the Sixth Circuit has set a test for determining the citizenship of non-corporate entities, specifically limited partnerships, that it would apply to trusts following the standards set forth in the U.S. Supreme Court case of *Carden v. Arkoma Associates*, 494 U.S. 185 (1990). Under that test, the trust in this case is a citizen of both Pennsylvania and Kentucky. Because the Plaintiff is a citizen of Kentucky, complete diversity does not exist and removal was improper. The motion to remand must be granted.

  1. *Banks and Trusts May be Citizens of More than One State.*

If either of the Defendants in this case are citizens of Kentucky, then removal is improper. A national bank such as PNC Bank is a citizen of both the state or states in which its is incorporated and the state in which its principal place of business is located. *Hinton v. Wachovia Bank of Delaware Nat. Ass'n*, 189 Fed.Appx, 394, 398 (6th Cir. 2006) (citing *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 317 (2006)).

The Trust however has a completely different test for the determination of its citizenship and may also be a citizen of several states, including Kentucky. The test for citizenship of a trust is not the simplistic test set forth in paragraph 6 of the Notice of Removal which simply cites to *dicta* in *Homfeld II, LLC v. Comair Holdings, Inc.*, 53

Fed. Appx. 731, 732 (6th Cir. 2002) and *Whitlock v. FSL Management*, LLC, 2012 WL 3109491 (W.D.Ky. July 31, 2012). These two cases do not support PNC's erroneous statement that a trust has the citizenship of its trustee. Although it may be true that a trust has the citizenship of its trustee, a trust also has the citizenship of its beneficiaries; therefore, the Defendant Trust in this case is a citizen of Kentucky. No diversity exists and removal is improper under 28 U.S.C. §1441(b)(2).

    2.    *PNC's Cited Cases Do Not Set Forth The Test For Citizenship of Trusts.*

Defendants erroneously rely on *Homfeld* and *Whitlock*. *Homfeld* is an unpublished case that includes as *dicta* that a limited liability company has the citizenships of its members, and a business trust has the citizenship of its trustees. *Whitlock* simply parrots the statement, although it is *dicta* in that case as well. Almost every case that has discussed *Homfeld* has either disagreed with this statement or declined to follow it. *See, e.g., Yueh-Lan Wang ex rel. Wong v. New Mighty U.S. Trust*, 841 F.Supp. 2d 198 (D.DC 2012); *Crews & Associates, Inc. v. Nuveen Yield Mun. Bond Fund*, 783 F.Supp.2d 1066 (E.D. Ark. 2011); *Mills 2011 LLC v. Synovus Bank*, 921 F.Supp.2d 219 (S.D.NY 2013); and *Poulos v. GeoMet Operating Co., Inc*, 2013 WL 2456044 (W.D. Va. June 6, 2013).

In making its statement, *Homfeld* cites to *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) and *Navarro Savings Association v. Lee*, 446 U.S. 458, 464 (1980), neither of which control. Since *Homfeld*, the Sixth Circuit has explored citizenship of non-corporate entities, specifically limited partnerships, and adopted a "bright line" rule to review the citizenship of all members, general and limited, in diversity cases. *SHR Limited Partnership v. Braun*, 888 F.2d 455 (6th Cir. 1989). Many cases equate the

members of a limited partnership to the trustee and beneficiaries of a trust, as shown below.

*Crosgrove*, one of the two cases cited by *Homfeld*, reviews the citizenship of limited liability companies. It states that whenever a diversity case involves "an unconventional party" which it defines as "someone or something other than either a natural person suing in his own rather than a representative capacity, or a business corporation" a jurisdictional warning flag should go up. *Crosgrove* at 731. It concludes that limited liability companies have the citizenship of each of its members. *Id.* It did not review the citizenship of trusts, but if it had, it would have concluded that the citizenship of the beneficiaries must be considered. Clearly, trusts are "unconventional parties" as defined by *Crosgrove*.

Likewise, the other case cited by *Homfeld, Navarro*, does not control. Although *Navarro* concerns trustees, it does not consider trusts and has been distinguished in many cases for that difference. In *Navarro,* trustees sued in their own name and the U.S. Supreme Court held that because they were the real parties in interest, it is their citizenship that controls; the trust itself was not a party in *Navarro*. In 2012, *Wong,* one of the cases that completely disagrees with *Homfeld,* explained *Navarro* and criticized the cases that rely on *Navarro* for citizenship of trusts. *Wong* points out that courts that cite to *Navarro* for the contention that the citizenship of a trust is that of a trustee must also look at a later U.S. Supreme Court case, *Carden v. Arkoma Associates*, 494 U.S. 185 (1990), decided ten years after *Navarro*.

*Carden* concerns limited partnerships and in it the Supreme Court stated that citizenship of all members, even limited partners, must be considered:

5

> In sum, we reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members. We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of "all the members," "the several persons composing such association," and "each of its members." *Id* at 195 (internal citations omitted.)

*Carden* explains that "*Navarro* had nothing to do with the citizenship of the 'trust,' since it was a suit by the trustees in their own names." *Carden* at 192-93. When the trust sues or is sued, *Navarro* does not apply.

*Wong*, relying on *Carden*, also distinguished *Navarro* and explained that while *Navarro* may hold "[t]hat trustees can in some circumstances be the real party to a controversy and bring actions in their own names on the basis of their own citizenship", that does not "logically require" a holding "that a trust takes on the citizenship of its trustees in a suit by or against the trust itself." *Wong* at 205. It is the erroneous reading of *Navarro* that leads to the *dicta* in *Homfeld* on which PNC's argument rests.

    3.    *The Citizenship of Trusts Includes the Citizenship of Beneficiaries.*

If a court applies the holding in *Carden*, a Supreme Court case postdating *Navarro* by a decade, it would start with the premise that "an artificial entity" assumes the citizenship of all of its members for purposes of diversity jurisdiction. *Wong* at 205. Then it would ask, "Is a trust one such 'artificial entity?'" *Wong* concludes that trusts are artificial entities under *Carden* relying on *Carden*'s analysis in which the Court took great care to distinguish the artificial entity to which the rule does not apply: corporations. *Carden* at 187-90. See, also, *Wong's* discussion at 205.

Once a court concludes that a trust is an "artificial entity" under *Carden*, the next step in the analysis is to consider who are "members" of trusts? Trustees only?

Beneficiaries only? Or both? *Wong* concludes that all courts that have applied *Carden*'s membership test to trusts have agreed that a trust's membership must include its beneficiaries. *Wong* at 206. Beneficiaries have ownership interests much like the limited partners in *Carden*. *Id*. Some courts have added trustees as members along with beneficiaries. *Wong* at 207. This Court need not answer that question because the citizenship of the Defendant Trustee will not destroy diversity but the citizenship of the beneficiaries will destroy diversity and require a remand of this case.

    4.    *The Sixth Circuit Has Adopted A "Bright Line" Rule Regarding Limited Partnerships that Logically Expands to Trusts.*

Despite the *dicta* in *Homfeld*, the Sixth Circuit has applied the ruling in *Navarro* and established a "bright line" rule regarding citizenship of limited partnerships that logically expands to trusts. *SHR Limited Partnership v. Braun*, 888 F.2d 455 (6th Cir. 1989). In *SHR*, two limited partnerships brought suit against the trustees who were Michigan domiciliaries. All general partners of the limited partnerships were non-Michigan residents, but many of the limited partners were Michigan residents. The Sixth Circuit decided that citizenship of limited partnerships must be considered and even one non-diverse limited partner destroys diversity jurisdiction. *SHR* at 458.

> Though the attributes of a limited partner resemble those of a corporate shareholder, a limited partnership is, nevertheless, an unincorporated association and the Supreme Court has consistently required consideration of the citizenship of all members of such associations when determining diversity jurisdiction. This holding is, therefore, truer to Supreme Court precedent. *SHR* at 459.

The Sixth Circuit's "bright line" ruling in *SHR* comports with the Third, Fourth, Seventh, Eighth and Eleventh Circuits. *Id*. The Sixth Circuit expressed a preference for simple

rules such as this bright line rule because they allow for a determination of diversity without an evidentiary hearing to determine real parties in interest. *Id.*

If confronted with the same question regarding non-diverse beneficiaries of a trust, the Sixth Circuit's logical ruling in *SHR* would require the same finding.[1]

     5.    *Other Circuits Have Adopted the Same Bright-Line Rule as the Sixth Circuit in LLC Cases or Trust Cases.*

The Third Circuit in *Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192 (3rd Cir. 2007), set forth an analysis followed by the Sixth Circuit and numerous other courts regarding citizenship of entities such as trusts and LLCs. *Emerald Investors* analyzes *Navarro* and *Carden* and concludes that when an artificial entity such as a trust is sued in its own name, "because artificial entities, unlike corporations, are not 'citizens' under 28 U.S.C. § 1332, diversity jurisdiction by or against an artificial entity depends on the citizenship of 'all the members.'" *Emerald Investors* at 201. The Third Circuit concludes that "members" of a trust include trustees and beneficiaries, noting that this rule will not contradict the U.S. Supreme Court's holdings in *Carden* and *Navarro* and eliminates any illogical outcome that could occur in considering trustees only or beneficiaries only. *Id.* at 203. Bright-line rules also create the most efficient rule for determining jurisdiction and do not require case-by-case analysis and evidentiary hearings. *Id* at 204.

*Mills 2011 LLC v. Synovus Bank*, 921 F.Supp.2d 219 (S.D. New York 2013), considered *Carden*, *Navarro*, LLCs and trusts. In *Mills*, the LLC's sole member was a trust. Defendant removed the case and Plaintiff filed a motion to remand for lack of

---

[1] A case out of the Eastern District of Michigan had the issue of trust membership for purposes of diversity jurisdiction before it but the case was voluntarily dismissed with prejudice on September 28, 2013; therefore, it will never result in a published decision nor will it reach the Sixth Circuit. *General Retirement System of City of Detroit v. UBS et al*, E.D. Michigan, 10-cv-13920.

diversity jurisdiction alleging that a beneficiary of the trust destroyed diversity. *Mills* at 221. Like PNC Bank in its Notice of Removal, the defendant in *Mills* argued that the court should look only at the trustees, not the beneficiaries, to determine citizenship. *Id.* at 222. The Third Circuit concluded that such an argument ignores the U.S. Supreme Court in *Carden* which rejected the narrow reading of *Navarro*. *Id* at 222-223.

*Mills* concluded that the courts that look only to the citizenship of trustees and not to the citizenship of beneficiaries have all been based on fact patterns where the trustees have sued in their own names and not with the fact pattern of the trust itself as a party. *Id.* at 224. The fact pattern of this case matches that in *Mills*. The *Mills* court decides to follow the Third Circuit in *Emerald Investors* and base the citizenship of the trust in every state where either a trustee or a beneficiary resides, noting that such a rule protects litigants. *Id* at 226-227.

> [T]he purpose of diversity jurisdiction is to avoid the bias that may be felt in state court in favor of in-state parties (or against out-of-state parties). To this end, Courts have suggested that the rule requiring complete diversity is appropriate because the presence of state citizens on opposite sides of a case tends to neutralize any such local bias. To the extent that a trust which is a party to a litigation has beneficiaries who reside in the forum state, this likewise would tend to mitigate concerns of local bias, and thus the 'dual trustee-beneficiary approach' comports with the purposes of the complete diversity requirement. *Id.* at 227 (internal citations omitted).

In *Crews & Associates, Inc., v. Nuveen High Yield Municipal Bond Fund*, 783 F.Supp.2d 1066 (E.D. Ark. 2011), the court dismissed the trustee-only test as applying solely to situations where the trustee is the party, not the trust itself, specifically rejecting *Homfeld*. *Id.* at 1068. It noted that the only circuits that have allowed the citizenship of the trustee alone to determine citizenship of a trust, did so in attempts to reconcile *Navarro* which involves trustees only as parties and does not have a trust as a party. *Id.*

*Crews* points to *Carden*, which as pointed out above was decided by the U.S. Supreme Court after *Navarro* and specifically states that *Navarro* has nothing to do with trusts, but only trustees. *Id.*

*Crews* looks to an Eighth Circuit decision that holds that diversity jurisdiction over an unincorporated entity depends on the citizenship of all its members, with a corporation being the only exception to this general rule, *GMAC Commercial Credit LLC v. Dillard Department Stores, Inc,* 357 F.3d 827, 828 (8th Cir. 2004). *Crews,* at 1069. *Crews* determines that the general rule requires a finding that citizenship of beneficiaries must be determinative of citizenship of trusts in diversity cases. *Id. Poulos v. Geomet Operating Company, Inc.*, 2013 WL 2456044 (W.D. Va. June 6, 2013), also dismisses *Homfeld* because it relies on *Navarro* which has "nothing to do" with the citizenship of trusts and does not follow *Carden*. This Court should do the same in this case following Sixth Circuit cases setting out the same general rule in limited partnership cases.

## Conclusion

This case must be remanded to state court; the parties are not diverse. The citizenship of the Defendant Trust includes Kentucky. A Kentucky trust cannot remove a Kentucky case from a Kentucky court. For diversity jurisdiction, the parties must be completely diverse. It is undisputed that Plaintiff is a resident of Kentucky. As shown above, the Defendant Trust is also a resident of Kentucky because trusts are deemed to be residents of any state in which either a trustee or beneficiary resides. Additionally, a case cannot be removed if even one of the defendants is from the state where the case was brought pursuant to 28 U.S.C. 1441(b).

The two cases cited by Defendants in their Notice of Removal are distinguishable. Relevant authorities hold that the beneficiaries' residency must be considered. This Court therefore lacks jurisdiction and the matter must be remanded with Defendants to pay Plaintiff's costs for this Motion. This result is in keeping with the purpose and policy of diversity jurisdiction.

Respectfully Submitted,

/s/ Laurence J. Zielke
Laurence J. Zielke (lzielke@zielkefirm.com)
Nancy J. Schook (nschook@zielkefirm.com)
Janice M. Theriot (jtheriot@zielkefirm.com)
Zielke Law Firm, PLLC
1250 Meidinger Tower
462 South Fourth Street
Louisville, KY 40202
(502)589-4600