UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:13-CV-01113-TBR

LOWRY R. WATKINS, JR.     Plaintiff,

v.

TRUST UNDER WILL OF WILLIAM
MARSHALL BULLITT BY AND
THROUGH ITS TRUSTEE, PNC
BANK, N.A.,

and

PNC BANK, N.A.,     Defendants.

## **MEMORANDUM OPINION**

This matter comes before the Court upon the motion of Plaintiff Lowry R. Watkins to remand this action to the Jefferson Circuit Court. (Docket No. 9.) Watkins named as defendants both the Trust Under Will of William Marshall Bullitt ("the Trust") and PNC Bank, National Association ("PNC") (collectively, "Defendants"). These Defendants have responded. (Docket No. 11), and Watkins has replied, (Docket No. 12). Fully briefed, this matter is now ripe for review. For the reasons explained below, the Court will DENY Watkins' motion to remand.

**Factual Background**

Watkins, a beneficiary of the Trust, initiated this action in Jefferson Circuit Court on November 4, 2013. Watkins alleges that PNC breached its fiduciary duty by neglecting to develop certain real property held by the Trust, including land known as "Oxmoor Farm." (Docket No. 1-1 at 3.) He asserts five causes of action: breaches of statutory and common law

1

fiduciary duties by PNC; gross negligence by PNC; a request for accounting from PNC; and a claim that PNC has been unjustly enriched. (Docket No. 1-1 at 5-7.) He seeks an order requiring PNC to deposit all trustee fees into an escrow account until they "can be properly accounted for," removing PNC as trustee, and assessing damages against PNC for its failure to develop the Trust real estate. (Docket No. 1-1 at 8.)

Citing diversity jurisdiction, PNC removed this action to federal court on November 12, 2013 on the basis of diversity jurisdiction. (Docket No. 1.) According to PNC, Watkins is a Kentucky citizen and both PNC and the Trust are Pennsylvania citizens. Watkins, however, contests PNC's characterization of the Trust; he instead contends that because its beneficiaries include Kentucky residents, the trust has Kentucky citizenship, rendering the parties non-diverse. He emphasizes that the Trust beneficiaries include Kentucky residents and that the Trust's real property lies in Louisville, Kentucky. (Docket No. 9-1 at 2.) These facts, he says, render the parties non-diverse, leaving the Court without subject matter jurisdiction over this action. (Docket No. 9-1 at 1-2.)

**Legal Standard**

Subject matter jurisdiction in this action is premised on diversity of citizenship. The prerequisites to diversity jurisdiction include complete diversity; that is, "'all parties on one side of the litigation [must be] of a different citizenship from all parties to the other side of the litigation.'" *Coyne v. Amer. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999) (citations omitted). Moreover, "complete diversity" of citizenship must exist, both when the notice of removal is filed and at the time of the case's commencement. *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999) (citations omitted). Complete diversity requires all parties on

one side of the controversy to be citizens of different states from all parties on the other side. *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941).

The burden of establishing federal jurisdiction lies with the defendant., who must prove the diversity requirements by a preponderance of the evidence. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006) (quotation omitted). Given the limited nature of federal jurisdiction, any doubts must be construed in favor of remanding the case to state court. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 733 (1994); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1307 (E.D. Ky. 1990) (citations omitted).

**Analysis**

PNC, a corporation, is a citizen both of the state or states in which it is incorporated and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). The parties agree that this rule renders PNC and Watkins diverse. However, complete diversity cannot lie should the Trust, as a codefendant, also enjoys Kentucky citizenship. *Jerome-Duncan, Inc.*, 176 F.3d at 907. Therefore, to determine whether subject matter jurisdiction lies, the Court must determine the proper test for establishing the citizenship of a trust for diversity purposes.

No comprehensive rule deems unincorporated associations citizens of the state of their organization. *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 189 (1990) (recounting "the doctrinal wall" established by *Chapman v. Barnet*, 129 U.S. 677 (1889)). The Supreme Court has reflected upon and affirmed its "oft-repeated rule" that diversity jurisdiction in a suit by or against an unincorporated association depends on the citizenship of "all the members, the several persons composing such associations, [and] each of its members." *Carden v. Arkoma*

*Assoiciates*, 494 U.S. 185, 195-96 (1990) (internal quotations omitted). Sixth Circuit precedent deems limited partnerships a citizen of each state where its general and limited partners reside. *See, e.g.*, *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355-56 (6th Cir. 2010). Likewise, limited liability companies share the citizenship of each partner or member. *Id.*

In *Navarro Savings Ass'n v. Lee*, 446 U.S. 458 (1980), the Supreme Court confronted the issue of diversity jurisdiction in an action brought by a business trust's individual trustees. The lawsuit alleged that the trustees loaned money to a Texas firm in exchange for a promissory note payable to the trustees themselves. The note was partially secured by a commitment letter whereby Navarro Savings Association agreed to issue a loan to the firm to cover its obligation to the trustees. When the trustees demanded that Navarro make the "takeout" loan, Navarro refused. As a result, the trustees of Fidelity Mortgage Investors sued Navarro for breach of contract, asserting diversity jurisdiction. The plaintiffs' complaint alleged that Navarro was a Texas citizen and that each trustee was a citizen of another state. However, Navarro argued that its business trust was actually an unincorporated association of individuals and was "in substance an association," with the beneficial shareholders as the real parties in interest.

Declining to adopt Navarro's approach, the Supreme Court explained:

> In certain respects, a business trust also resembles a corporation. But this case involves neither an association nor a corporation. Fidelity is an express trust, and the question is whether its trustees are real parties to this controversy for purposes of a federal court's diversity jurisdiction.

*Id.* at 462. The Court determined that because the plaintiff trustees "possess[ed] certain customary powers to hold, manage, and dispose of assets for the benefit of others," they were the real parties to the controversy. *Id.* at 464. The Court noted that the trust "operated under a declaration of trust that authorized the trustees to take legal title to trust assets, to invest those

4

assets for the benefit of the shareholders, and to sue and be sued in their capacity as trustees." *Id.* The Court explained that the beneficiaries, by contrast, "had no voice in the initial investment decision" and could "neither control the disposition of this action nor intervene in the affairs of the trust . . . ." *Id.* at 464-65. The trustees had legal title, managed the assets, and controlled the litigation; consequently, they were the real parties to the controversy, not the beneficiaries. *Id.* at 465. *Navarro* therefore instructs that the citizenship of the trustees controls for purposes of a diversity analysis. *Id.* at 464-66.

Watkins contends that *Navarro* does not control, as the trust at issue in that case was not a party; rather, it was a suit by the trustees, raised in their own names. The Court disagrees. Regardless of the named plaintiff's identity, it is the trustee who possesses the authority to manage assets and make decisions on the trust's behalf. Therefore, the trustee is the real party. Other courts confronting this question have reached the same conclusion:

> [R]egardless of who the named plaintiff is, the trustee is the one with the authority to hold, manage and dispose of assets, as well as make decisions on behalf of the trust, and is therefore the real party to the action. As such, when considering whether diversity jurisdiction exists, the citizenship of the trust should be determined by the citizenship of its trustee or trustees only. This rule has the additional benefit of discouraging forum shopping by plaintiffs who can decide whether to sue in the name of the trust or the trustees.

*Gen. Retirement Sys. of the City of Detroit v. UBS AG*, 3020 WL 5296957 at *4 (E.D. Mich. Dec. 20, 2010); *see also In re Mortgages Ltd.*, 452 B.R. 776, 781 (Bankr. Ariz. 2011) (explaining that "[t]he fact that the trust itself is the named party does not change 150 years of Supreme Court jurisprudence concluding that for real, express trusts, the trustee rather than the beneficiaries is

the real party in interest, on whose citizenship the existence of diversity jurisdiction must be found").

The Sixth Circuit considered this issue in *Homfeld II, LLC v. Comair Holdings, Inc.*, 53 Fed. Appx. 731 (6th Cir. 2002) (unpublished). The *Homfeld* action was raised by a trust and two liability companies that alleged their places of business and states of citizenship, but neglected to allege the citizenship of their members and trustees. The Sixth Circuit adopted the majority rule, explaining that a trust adopts the citizenship of its trustees. *Id.* at 732. *Homfeld* differentiated between a limited liability company, which takes the citizenship of its members, from a business trust, which takes the citizenship of only its trustees. *Id.* (citing *Navarro*, 446 U.S. at 464: *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 7th Cir. 1998).

Like *Navarro*, *Homfeld* considered the entity at the core of the litigation. Although members of limited liability partnerships and limited liability companies possess legal ownership of the entity, members of trusts have only and equitable ownership and cannot make decisions on the trust's behalf. Sister circuits also rely on *Navarro* in support of this conclusion. *See, e.g.*, *Mullins v. TestAmerica, Inc.*, 564 F.3d 386 (5th Cir. 2009) (stating that the "citizenship of a trust is that of its trustee"); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("A trust has the citizenship of its trustee or trustees."); *May Department Stores Co. v. Federal Ins. Co.*, 305 F.3d 597 (7th Cir. 2002) ("[F]or diversity purposes a trust is a citizen of whatever state the trustee is a citizen of"); *E.R. Squibb & Sons, Inc. v. Accident & Casualty Ins. Co.*, 160 F.3d 925, 931 (2d Cir. 1998). Moreover, this Court itself has applied the *Homfeld* rule, citing that case for the principle that "[a] trust has the citizenship of its trustee." *Whitlock v. FSL Management*, 2012 WL 3109491, at *2 (W.D. Ky. July 31, 2012).

Watkins correctly notes that the Sixth Circuit has created a bright line rule based on *Navarro* governing citizenship of limited partnerships. In *SHR Limited Partnership v. Braun*, 888 F.2d 455 (6th Cir. 1989), the Sixth Circuit concluded that citizenship of limited partners, as well as general partners, must be considered. If even one partner, general or limited, is non-diverse, diversity jurisdiction does not lie. *SHR* noted the fundamental differences between a corporation and a limited partnership:

> Though the attributes of a limited partner resemble those of a corporate shareholder, a limited partnership is, nevertheless, an unincorporated association and the Supreme Court has consistently required consideration of the citizenship of all members of such associations when determining diversity jurisdiction.

*Id.* at 459. Watkins argues that this rule logically expands to trusts. However, he erroneously indicates that *SHR* was decided after *Homfeld.* This is not the case, however: *Homfeld* was decided in 2002, while *SHR* was decided nearly thirteen years earlier, in 1989. Had the Sixth Circuit deemed *Homfeld*'s rule regarding the citizenship of limited partnerships applicable to common law testamentary trusts, it certainly had the opportunity to say so. The fact that it opted against applying *SHR* in the context of common law testamentary trusts counsels against this Court's doing so.

Watkins urges the Court to look to *Emerald Investors Trust v. Gaunt Pasippany Partners*, 492 F.3d 192, 205 (3d Cir. 2007), a Third Circuit case holding that the citizenship of both the trustee and the beneficiaries should determine the citizenship of a trust. The Third Circuit reasoned that a business trust with the capacity to hold notes and mortgages and to bring lawsuits in its own name enjoys a degree of independence that renders it an "artificial entity." *Id.* at 195-96. The trust at issue here, however, enjoys no such independence; rather, it is a common law trust, dependent upon PNC to own and manage its property for the benefit of the beneficiaries.

Moreover, *Emerald Investors* distinguished between a claim brought by or against a trust, as opposed to the trustee; it concluded that a trust shares the citizenship of both its trustees and its beneficiaries. *Id.*

A majority of courts have rejected the *Emerald Investors* rule, noting that the case's reasoning was grounded in dicta from *Carden v. Arkoma Associates*, 494 U.S. 185 (1990). As other courts have noted, *Carden* confronted whether the citizenship of limited partners must be considered in analyzing whether diversity jurisdiction exists over a limited partnership. Because it did not concern trusts, "necessarily anything it might have had to say about diversity jurisdiction involving trusts would be at best *dictum*." *In re Mortgages Ltd.*, 452 B.R. 776 (D. Ariz. 2011). This Court agrees that the *Carden dictum* remains consistent with the long-held principle that the citizenship of the real party in interest determines the citizenship of the trust, and that for trusts, the real party in interest is the trustee. *See id.* Accordingly, this Court will abide by the majority rule that the Sixth Circuit has adopted: that the citizenship of the trustee, not its beneficiaries, determines a trust's citizenship.

**Conclusion and Order**

Based on the foregoing reasons, the Court concludes that the trust shares PNC's Pennsylvania citizenship, thus establishing complete diversity. Therefore, jurisdiction over the instant action lies with this Court. IT IS ORDERED that Watkins' motion to remand, (Docket No. 9), is DENIED.