UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**LOWRY WATKINS,**                                                                          **Plaintiff**

**v.**                                                               **Case No. 3:13-cv-1113-DJH**

**TRUST UNDER WILL
OF WILLIAM MARSHALL BULLITT
By and Through Its Trustee, PNC BANK, NA**                 **Defendant**

## MEMORANDUM OPINION AND ORDER

### Introduction

The Plaintiff, Lowry Watkins, moves to seal five documents currently filed under seal. (DN 98.) PNC Bank, N.A. and the Trust Under Will of William Marshall Bullitt by and Through Its Trustee, PNC Bank, N.A. (the "William Marshall Bullitt Trust") (together, the "Defendants") move to seal eleven documents currently filed under seal. (DN 100.)

The Court will grant Watkins's motion to seal. The Court will grant in part and deny in part the Defendants' motion to seal.

### Background

In July 2015, the Court entered an agreed protective order in this matter. (DN 53.) The Court noted that "there has been some disagreement about the terms of such an agreement." (*Id.*) Also, the Court said, "discovery in this action will involve the disclosure and exchange of sensitive, proprietary, and confidential information." (*Id.*) Following that order, the parties filed some documents under seal without accompanying motions to seal.

On January 10, 2017, the Court ordered the parties to review the "documents filed under seal in this matter and consider whether those documents should remain under seal given the recent case law." (DN 96, #1637.) If a party wished to maintain a document under seal, the

party needed to file a motion to seal "analyzing 'in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" (*Id.*, #1638 (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 – 06[1] (6th Cir. 2016)). If a party determined that some documents could be unsealed, the party was to file a status report listing the documents to be unsealed. (*Id.*, #1637.)

## Legal Standard

"[T]he public is entitled to assess for itself the merits of judicial decisions." 825 F.3d at 305. It therefore "has a strong interest in obtaining the information contained in the court record." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983). This strong interest gives rise to a "'strong presumption in favor of openness' as to court records." 825 F.3d at 305 (quoting 710 F.2d at 1179); *see also*, *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016).

The proponent of sealing faces a "heavy" burden to overcome this presumption. 825 F.3d at 305. "In civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Id.* at 308 (internal quotation marks omitted). "Only the most compelling reasons can justify non-disclosure of judicial records." *In Re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983).

The proponent of sealing "must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305 – 06 (internal quotation marks omitted). A court "that chooses to seal court records must set forth specific findings and

---

[1] The Court's January 10, 2017 included a citation error. The Court's quotation came from pages 305 and 306 of the *Shane Group* opinion, not pages 205 and 206.

2

conclusions 'which justify nondisclosure to the public.'" *Id.* at 306 (quoting 710 F.2d at 1176). "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." 825 F.3d at 305.

**Analysis**

**I.**

The Defendants seek to maintain a seal on the following documents:

- DN 70-5
- DN 70-7
- DN 70-10
- DN 70-11
- DN 72-3
- DN 75-1
- DN 75-2
- DN 75-3
- DN 82-1
- DN 82-2
- DN 88
- DN 91

(DN 100, #1680.) Watkins seeks to maintain a seal on the following documents:

- DN 72-1
- DN 75-1
- DN 75-2
- DN 75-3
- DN 82-1

(DN 98, #1672.)

**A.**

First, the Defendants argue that unsealing two documents will reveal the lease rates paid by Oxmoor Farm's tenants. (DN 100, #1682 – 83.) The Defendants argue that disclosing the lease rates would put the William Marshall Bullitt Trust, the Thomas W. Bullitt Trust, and third-party beneficiaries of both trusts at "a competitive disadvantage negotiating lease rates with

3

tenants and prospective tenants of the developed property." (*Id.*) As an alternative to sealing the entire documents, the Defendants ask the Court to allow them to withdraw the documents and resubmit redacted versions. (*Id.*, #1683.)

Publishing each tenant's monthly rent would place the William Marshall Bullitt Trust and the Thomas W. Bullitt Trust at a competitive disadvantage in future rent negotiations. Any present or future tenant could use this information to leverage favorable lease terms. This risk is substantial enough to overcome the presumption of disclosure for the lease terms contained in these documents. The lease terms are tangential to the larger dispute between Watkins and the Defendants in this matter over the development of Oxmoor Farm. The public's interest in the lease terms for tenants of Oxmoor Farm is minimal compared to the public's overall interest in this litigation over what has happened, or should have happened, to Oxmoor Farm. The Court concludes that the Defendants have shown a compelling reason for sealing the lease terms contained in DNs 70-5 and 70-7.

However, the Defendants have not shown that the entire contents of these documents should be sealed. A seal must be "no broader than necessary." *Shane Grp.*, 825 F.3d at 306. Accordingly, the Court will allow the Defendants to withdraw the exhibits and resubmit them with the lease terms redacted.

**B.**

Second, both parties argue that certain documents should remain sealed because they contain the personal financial information of the other third-party beneficiaries of the William Marshall Bullitt Trust and the financial information of another third party, the Thomas W. Bullitt Trust. (DN 98, #1669 – 71; DN 100, #1683 – 89.) In the alternative, the Defendants ask the

Court to allow these documents to be withdrawn and resubmitted with the confidential information redacted. (DN 100, #1683.)

The Court should "heavily" weigh the privacy interests of innocent third parties in balancing the public interest. *Shane Grp.*, 825 F.3d at 308. In *Knoxville News-Sentinel*, the court of appeals upheld a district court's decision to seal financial records which included the bank customers' names. 723 F.2d at 476. The court of appeals relied on both statutory and regulatory authority before concluding that the bank customers' privacy interests in their financial records outweighed the interest of access. *Id.* at 477.

On the one hand, *Knoxville News-Sentinel* is distinguishable in two ways. For one, unlike in *Knoxville News-Sentinel*, the parties have pointed to no statutory or regulatory privilege that protects the third-parties' financial information from disclosure. For another, unlike the bank customers' names in *Knoxville News-Sentinel*, Watkins points out that the names of the William Marshall Bullitt Trust's other beneficiaries are already publicly-available through a probate-records search. (*See* DN 98, #1669.) The same is likely true for the names of the beneficiaries of the Thomas W. Bullitt Trust.

On the other hand, *Knoxville News-Sentinel* provides support for a finding that the third-party beneficiaries of the William Marshall Bullitt Trust, who are analogous to the bank's customers in that case, have a "justifiable expectation of privacy that their names and financial records not be revealed to the public." 723 F.2d at 477. Watkins has already revealed in his publicly-filed brief that Watkins he and three others are equal beneficiaries of the William Marshall Bullitt Trust. (*See* DN 98, #1669; *see also*, DN 100, #1686 ("identical correspondence was directed to the other income beneficiaries and the correspondence indicates that identical payments would be made to the other income beneficiaries.").) Revealing Watkins's income

5

would reveal the other beneficiaries' income is as well. Although Watkins has put his income from the William Marshall Bullitt Trust at issue in this lawsuit, the three other beneficiaries of the William Marshall Bullitt Trust are not parties and have not put their income at issue here. Disclosing Watkins's income would necessarily disclose their private financial information; the public interest in that information is minimal. The Court concludes that the parties have shown a compelling reason for keeping Watkins's income sealed.

Along the same lines, the Court concludes that the Defendants have shown a compelling reason for keeping the July 2016 appraisal (DN 88) sealed because it contains the Thomas W. Bullitt Trust's financial information. Disclosing the appraisal would necessarily disclose the financial information of the Thomas W. Bullitt Trust, which owns an interest in Oxmoor Farm. The Thomas W. Bullitt Trust is not a party to this litigation, and its finances are not at issue here. Thus, the public's interest in its financial information is minimal. Altogether, the privacy interests of these third parties outweigh the interests of the public in disclosing Watkins's income from the William Marshall Bullitt Trust and the July 2016 appraisal.

Still, a seal must be "no broader than necessary." *Shane Grp.*, 825 F.3d at 306. The parties have not shown a compelling reason for sealing the names of the other third-party beneficiaries of the William Marshall Bullitt Trust, which are already publicly-available. Likewise, the Defendants have not shown a compelling reason for sealing the portion of the Trust's account statement (DN 70-10) relating to the value of the Trust's non-real estate holdings and detailing how the portfolio is diversified. (*See* DN 100, #1684.) Therefore, the Court will allow the parties to submit redacted public versions in accordance with this opinion.

## II

The Defendants say that the following documents can be unsealed:
- DN 70-4

6

- DN 70-6
- DN 70-8
- DN 75-4
- DN 75-5
- DN 75-6
- DN 75-7
- DN 75-8

(DN 99, #1676.) Watkins agrees that DNs 75-4, 76-5, 76-6, 76-7, and 76-8 should be unsealed. (*See* DN 98, #1669 – 70.) Watkins did not object to unsealing DNs 70-4, 70-6, and 70-8. Accordingly, the Court will direct the Clerk of Court to unseal these documents.

## Order

The Court **grants** Watkins's motion to seal (DN 98). DNs 72, 75-1, 75-2, 75-3, and 82-1 shall remain under seal.

The Court **grants in part** and **denies in part** the Defendants' motion to seal (DN 100), as follows:

- DNs 70-5, 70-7, 70-10, 70-11, 72-3, 82-1, 88-2, and 91-1 shall remain under seal.
- The Defendants shall submit redacted unsealed versions of the documents in accordance with this opinion. The Defendants' deadline for filing redacted versions is **July 15, 2017**.
- The Court **denies as moot** Defendants' motion to maintain the seal on DNs 75-1, 75-2, and 75-3.

Finally, the Court **directs** the Clerk of Court to **unseal** the following documents:

- DN 71-1
- DN 71-3
- DN 71-7
- DN 76-4
- DN 76-5
- DN 76-6
- DN 76-7
- DN 76-8