# EXHIBIT B

# SEPTEMBER 30, 2014 LETTER FROM PNC'S COUNSEL TO PLAINTIFF WATKINS' COUNSEL



September 30, 2014

Laurence J. Zielke, Esq.
Zielke Law Firm PLLC
1250 Meidinger Tower
462 South Fourth Avenue
Louisville, Kentucky 40202-3465

Re: Lowry R. Watkins, Jr. v. PNC Bank, National Association, Individually, and as Trustee of the Trust Under Will of William Marshall Bullitt

Dear Larry:

I am writing to confirm the matters discussed during our recent telephone conversation concerning the above-referenced action.

By Memorandum Opinion and Order dated September 22, 2014, the Court dismissed three out of the five causes of action asserted by your client in his Complaint. The only remaining claims relate to your client's request for an accounting and his claim for unjust enrichment.

With respect to the claim concerning his right to an accounting, the Court noted that Kentucky law obligates trustees to keep beneficiaries of a trust "reasonably informed" of the trust and its administration but further noted that "trustees need not oblige every request of a beneficiary." As we discussed, Mr. Watkins has received regular detailed account statements from the Trustee from the time that he became a beneficiary. In addition, the Trustee has repeatedly provided him with information separate and apart from the account statements. The Trustee is confident that the Court will agree that the Trustee has more than satisfied its obligation to keep Mr. Watkins "reasonably informed of the Trust and its administration."

With respect to the claim for unjust enrichment, the Trustee does not understand the basis for Mr. Watkins's claim that PNC doubled the value of the



WYATT, TARRANT & COMBS, LLP

Laurence J. Zielke, Esq.
September 30, 2014
Page 2

Trust's property to $130 million after earlier valuing the real estate at $72 million. While the Court did not dismiss that claim, it noted that Mr. Watkins did not provide any explanation or support for his figures. The Trustee believes that those claims will ultimately be deemed to be without merit.

The Uniform Trust Act, which was recently adopted in Kentucky, provides for the recovery of costs and fees in litigation involving trust administration. Specifically, KRS 386B.10-040 provides:

> In a judicial proceeding involving the administration of a trust, the court, as justice and equity may require, may award costs and expenses, including reasonable attorney's fees, to any party, to be paid by another party or from the trust that is the subject of the controversy.

Be advised that the Trustee intends to exercise its rights under this statute and ask the Court to award its costs, expenses, and attorneys' fees incurred in defending Mr. Watkins's claims. Those costs and expenses will only increase as this litigation proceeds.

In an effort to mitigate its damages, the Trustee is willing to forego its rights to recover litigation expenses under the statute if Mr. Watkins will immediately (1) dismiss his remaining claims with prejudice and (2) agree not to appeal the Court's Memorandum Opinion and Order entered September 22, 2014. If Mr. Watkins will not agree to these conditions, PNC will seek an award of all costs, fees, and expenses incurred at the conclusion of the litigation.

Please let me know if your client is interested in this proposal.

Sincerely,

WYATT, TARRANT & COMBS, LLP

Cornelius E. Coryell II

CEC/tk