UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:13CV-01113-HS

**LOWRY R. WATKINS, JR.**                                                                            **PLAINTIFF**

**V.**

**TRUST UNDER WILL OF WILLIAM
MARSHALL BULLITT BY AND**                                    **DEFENDANTS**
**THROUGH ITS TRUSTEE, PNC
BANK, N.A. AND PNC BANK, N.A.**

### RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR EXPEDITED STATUS CONFERENCE

      Comes the Plaintiff, Lowry R. Watkins, Jr., by counsel, and in response in opposition to Defendants' Motion for Expedited Status Conference (Dkt. 141) states as follows:

      This Court has no jurisdiction to rule on a substantive motion after a final judgment has been entered and an appeal taken even if the motion was erroneously filed pursuant to F.R.C.P. 54(d)(2). Therefore, Mr. Watkins objects to any status conference especially an expedited status conference.

      Furthermore, the issue of attorney fees hinges on the Sixth Circuit appeal of this case. Defendants based their fee application on a premature conclusion that Mr. Watkins will not prevail. If Mr. Watkins does prevail, Defendants' argument for fees is moot. Therefore, this Court is wasting its time with a hearing while the appeal is pending.

      Additionally, the parties have an ambitious briefing in the Sixth Circuit and Plaintiff's resources are better spent there. If there is to be any status conference, Plaintiff would have it occur after October 9, 2018, when his Sixth Circuit brief is filed.

      A court's lack of subject matter jurisdiction may be brought up at any stage in the litigation. *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). Whether this Court may consider a motion for attorney fees from a litigant who never filed a counterclaim seeking any damages,

claimed no damages in answers to discovery, moved for summary judgment without address a claim for damages and failed to file a motion to alter or amend a final judgment that did not address damages is a question of subject matter jurisdiction. This case is over; it is far too late for the Defendants to file a counterclaim for attorney fees.

The material facts are as follows:

1. Mr. Watkins filed this action in Jefferson Circuit Court before it was erroneously removed on diversity grounds. Thus all substantive law to be applied herein derives from Kentucky substantive law. FRCP 54(d)(2) does not provide an independent ground for awarding attorney fees.

2. Two years after Mr. Watkins filed this action, the Kentucky legislature enacted an entirely new law that created a substantive claim allowing a court "as justice and equity may require" to "award costs and expenses, including reasonable attorney's fees, to any party, to be paid by another party or from the trust that is the subject of the controversy." KRS 386B.10-040.

3. Because Mr. Watkins' prosecution of this action also benefited the other three income beneficiaries to this trust, all of whom received hundreds of thousands of dollars when PNC found it had made "mistakes" in their distributions while conducting an investigations solely because of this action, Mr. Watkins added a claim for attorney fees to his Amended Complaint.

4. Judge Hale dismissed Mr. Watkins' attorney fees claims in Dkt. 54 finding the claim to be "substantive" and therefore unavailable in litigation that began before the attorney fee provision was enacted. Dkt. 54 page 10. It is this exact attorney fee statute, KRS 386B.10-040, on which Defendants rest their claim.

5. As detailed in Mr. Watkin's Opposition to Award of Attorney Fees (Dkt. 126), Kentucky law does not allow a substantive attorney fee claim to be casually mentioned in a "Wherefore" clause, ignored in a summary judgment motion, and waived by not filing a motion to amend a final judgment.

6. Under Kentucky law, a substantive attorney fee claim must be made in a counterclaim. This argument is also addressed in Dkt. 126.

7. FRCP 54(d)(2), the rule under which Defendants made their substantive attorney fee claim anticipates that only procedural fee claims are subject to this rule: "A claim for attorney's fees and related nontaxable expenses must be made by motion *unless* the substantive law requires those fees to be proved at trial as an element of damages." (Emphasis added.)

8.      The Advisory Committee Notes on FRCP 54(d)(2) explain that a litigant cannot simply file a motion for damages after a judgment in all cases, litigants must file a pleading when the fee provision is substantive and not simply procedural: "As noted in subparagraph (A), it does not, however, apply to fees recoverable as an element of damages, as when sought under the terms of a contract; such damages typically are to be claimed in a pleading and may involve issues to be resolved by a jury."

9.      *O'Rourke v. Lexington Real Estate Company, LLC*, 365 S.W.3d 584, 587 (Ky. App. 2011) and *Nesselhauf v. Haden*, 412 S.W.3d 213, 217 (Ky. App. 2013), both hold that a request for attorney fees in a "Wherefore" clause is "insufficient" under Kentucky. Law.

## CONCLUSION

As a practical matter, a ruling by the Sixth Circuit could moot Defendants' reason for their attorney fee motion and thus this Court should delay considering it.

Substantively, Kentucky law would not allow an award of attorney fees under KRS 386B.10-040 for a litigant who did not even file a counterclaim or address the claim before the case was final. Federal law does not support awarding attorney fees sought under a substantive statute and this Court has already held the statute to be substantive and attorney fees under it unavailable. PNC did not file a counterclaim, did not seek a ruling in its summary judgment motion, did not file a motion to alter or amend and did not appeal the ruling that KRS 386B.10-040 was unavailable in this action. This Court, therefore, has no jurisdiction.

Respectfully Submitted,

/s/ Laurence J. Zielke
Laurence J. Zielke (lzielke@zielkefirm.com)
Janice M. Theriot (jtheriot@zielkefirm.com)
Zielke Law Firm, PLLC
1250 Meidinger Tower
462 South Fourth Street
Louisville, KY 40202

**Certificate of Service**

The undersigned counsel hereby certifies that a copy of the foregoing has been served upon the following via email, on this the 14 day of September 2018.

Cornelius E. Coryell II
WYATT, TARRANT & COMBS, LLP
500 W. Jefferson Street – Suite 2800
Louisville KY 40202

                /s/ Laurence J. Zielke
                Counsel for Plaintiff